IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MUSTAFA OZGUR**, | Case No. 3:19-cv-00432-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **DAIMLER TRUCKS NORTH AMERICA LLC,** | |
| Defendant. | |

**IMMERGUT, District Judge.**

On July 15, 2020, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R), ECF 69, recommending that this Court grant the Motion for Summary Judgment filed by Defendant Daimler Trucks North America LLC, ECF 56. Plaintiff Mustafa Ozgur timely filed objections to the F&R, ECF 71, and Defendant filed a response to those objections, ECF 72. This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, the Court adopts Judge Russo's F&R as explained in this Order.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff alleges Defendant's failure to hire him for a "Supervisor – Manufacturing Engineering" position constituted unlawful age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). For Plaintiff to prevail on his claim, he must show: (1) he was within a protected class of individuals between forty and seventy years of age; (2) he applied for a position for which he was qualified; and (3) a younger person with similar qualifications received the position. *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987). Plaintiff objects to the F&R as it relates to the final element of his prima facie case. ECF 71 at 2.

Judge Russo found that Plaintiff failed to establish the final element of the prima facie case for age discrimination. In so finding, Judge Russo noted Plaintiff could not show that HN, the person hired for the position over Plaintiff, was substantially younger than Plaintiff. ECF 69

PAGE 2 – ORDER

at 9–10. Plaintiff objects to the court's analysis, arguing he was precluded from uncovering evidence of HN's age and date of birth in discovery. ECF 71 at 2–4.

Specifically, in discovery Plaintiff asked Defendant to produce: "Documents reflecting by name, address, telephone, age, and current employee status all persons who worked in Defendant's [Manufacturing Engineering department] between 2005 and 2017." *Id.* at 2 (internal quotation marks omitted). As Plaintiff explains, Defendant objected to producing this documentation, and instead produced a "list of the ages of the employees in the department to which Plaintiff applied to work as a Supervisor – Manufacturing Engineering in April 2017." *Id.* at 3 (internal quotation marks omitted). Defendants did not provide a source of that info or any identifying details for the ages provided. Plaintiff filed a motion to compel seeking such information, *see* ECF 24, and the Court denied that motion, ECF 36; ECF 37. As the court explained:

> Plaintiff acknowledges that defendant has produced the ages of each of its 85 manufacturing engineering employees, and provides no argument or evidence concerning how that information is faulty or otherwise in need of objective verification through the production of third-party names, addresses, and telephone numbers. Moreover, because plaintiff's complaint solely concerns a single claim for age discrimination arising out of an April 2017 failure to promote, it is unclear how the employment status of employees working under H1B1 or similar visas is relevant or proportional to the needs of this case.

ECF 37. Plaintiff contends that through this Order, the court prevented him from uncovering information pertaining to HN's age and date of birth.

Plaintiff's argument is plainly without merit. Plaintiff had ample opportunity to conduct discovery as he saw fit. Indeed, the court granted several discovery extensions over Defendant's objections. *See* ECF 19; ECF 35. Plaintiff could have served an Interrogatory or Request for Production concerning HN's age and date of birth specifically, or he could have asked for this

PAGE 3 – ORDER

information during depositions, but he did not. Plaintiff cannot shift blame for his failure to establish part of his prima facie case to the court when Plaintiff was never barred from discovering such information. This Court agrees with Judge Russo's analysis as it pertains to HN's age and date of birth, ECF 69 at 9–10, and adopts this section of the F&R in full.

Plaintiff also objects to Judge Russo's finding that there was no genuine dispute of material fact concerning HN's superior qualifications. ECF 71 at 4–6; ECF 69 at 10–12. Plaintiff reiterates many of the same arguments he raised on the original motion. This Court agrees with Judge Russo's analysis and adopts this section of the F&R in full.

Finally, Plaintiff objects to Judge Russo's finding that Defendant proffered legitimate, non-discriminatory reasons for its actions, and Plaintiff failed to show pretext. ECF 71 at 6–7; ECF 69 at 12–16. This court agrees with Judge Russo's analysis and adopts this section of the F&R in full. All other portions of the F&R to which Plaintiff did not object and to which this Court has not already addressed are also adopted in full.

## CONCLUSION

This Court GRANTS Defendant's Motion for Summary Judgment and this action is DISMISSED.

**IT IS SO ORDERED**.

DATED this 21st day of September, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge